# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA CHAVEZ, BERNADETE JOHNSON, KEITH DISMUKES, and LATASHA TURNER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) | Case No. 12 C 5563 |
| HAT WORLD, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Vanessa Chavez, Bernadete Johnson, Keith Dismukes, and Latasha Turner (collectively "Plaintiffs") are former managers of retail stores owned by Defendant Hat World, Inc. ("Hat World"). Plaintiffs claim, on behalf of themselves and a class of other similarly situated store managers, that Hat World misclassified them as exempt employees and failed to pay them overtime wages, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*, and the Illinois Minimum Wage Law (the "IMWL"), 820 Ill. Comp. Stat. § 105/1 *et seq*. Hat World now moves to dismiss Plaintiffs' Second Amended Complaint for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). For the reasons that follow, the court denies the motion.

### I. BACKGROUND

Chavez and Johnson filed their initial complaint on July 16, 2012. At the time, they were the only two named plaintiffs in the case, and a motion for class certification had not been filed. On July 20, 2012, Hat World sent a letter to Plaintiffs' counsel stating:

> [T]ender is hereby made to your clients, Vanessa Chavez and Bernadete Johnson, in an amount payable to each of them, respectively, for: (1) wages claimed pursuant to the Fair Labor Standards Act and Illinois Minimum Wage Law, in the amount of half of her regular rate for any hours in excess of 40 worked per week; (2) statutory penalties pursuant to the formula set forth in 820 ILCS 105/12(a); (3) an additional amount payable to her as liquidated damages under the Fair Labor Standards Act equal to the amount in section 1; and (4) costs.

(Def.'s Mot. to Dismiss Ex. A (July 20, 2012 Letter), ECF No. 12-1.) The letter did not specify the dollar amount to be tendered to each plaintiff. Plaintiffs' counsel replied on July 30, 2012, stating that "our clients, Vanessa Chavez and Bernadete Johnson, accept the tender offer." (Def.'s Mot. to Dismiss Ex. B (July 30, 2012 Letter), ECF No. 12-2.) This letter, too, did not specify the amount of the tender.

In light of the tender offer, Plaintiffs filed a motion to dismiss their complaint on August 9, 2012. Hat World mailed various checks on August 10, 2012: two payable to Chavez in the amounts of $6,326.98 and $2,943.51, two payable to Johnson in the amounts of $455.38 and $269.03, and one payable to Plaintiffs' law firm for costs in the amount of $450.00. (Def.'s Mot. to Dismiss Ex. C, ECF No. 12-3.)

On the morning of August 15, 2012, the parties appeared before the court for a status hearing. Plaintiffs' counsel stated during the hearing that they considered the payment tendered to Chavez and Johnson insufficient, while Hat World's counsel stated that they believed they had tendered an amount greater than that to which Chavez and Johnson were entitled. The court inquired of Hat World's counsel, "You're taking the position that there is no settlement at this point." Hat World's counsel replied, "that's our position." Hat World's counsel further stated, "I think we're beyond tender at this point, it's failed." ((Def.'s Mot. to Dismiss Ex. D (Tr. Aug. 15, 2012) 4-5, ECF No. 12-4.) Based on the parties' representations that no settlement had been

reached, the court denied as moot Plaintiffs' motion to dismiss the complaint. The parties agreed that Plaintiffs would file an Amended Complaint in order to add Dismukes and Turner, plaintiffs in a later-filed related action brought on behalf of the same class, as plaintiffs in this case. (*Id.* at 8-9.)

On August 15, 2012, Hat World's counsel requested that Chavez and Johnson return the tender checks. (Def.'s Mot. to Dismiss Ex. E, ECF No. 12-5.) On August 16, 2012, Plaintiff's counsel informed Hat World's counsel that Chavez and Johnson had cashed the checks. (*Id.*) That same day, Plaintiffs filed the Amended Complaint adding Dismukes and Turner as additional plaintiffs.[1] Hat World moved to dismiss the *Dismukes* case on October 2, 2012. The court dismissed the *Dismukes* case "insofar as plaintiffs are now part of the *Chavez* action." *Dismukes v. Hat World, Inc.*, No. 12 C 5971, ECF No. 23, (Oct. 10, 2012). Plaintiffs were granted leave to file a Second Amended Complaint in this case on October 10, 2012. After Hat World filed the motion to dismiss the Second Amended Complaint, Dismukes and Turner moved to reinstate the *Dismukes* case. That motion was entered and continued pending the court's ruling on the motion to dismiss. *Dismukes v. Hat World, Inc.*, No. 12 C 5971, ECF No. 27 (Nov. 28, 2012).

## II. ANALYSIS

**A. Rule 12(b)(1)**

Under Article III of the United States Constitution, the federal courts have jurisdiction over "cases and controversies." Both litigants in an action must have a personal interest in the case throughout the course of the action. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). A case becomes moot when a dispute no longer exists between the parties, or when

---
[1] Hat World has raised no mootness challenge to Dismukes's and Turner's claims.

a party loses its personal interest in the outcome. *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085 (7th Cir. 1992). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Hat World argues that a tender offer was conveyed to Chavez and Johnson on July 20, 2012, that constituted satisfaction of their demands pursuant to the FLSA and the IMWL. Hat World contends that the court has lacked jurisdiction over this action since that time, meaning that when Plaintiffs filed their Amended Complaint on August 16, 2012, and their Second Amended Complaint on October 10, 2012, the court had no subject matter jurisdiction.

The Seventh Circuit has held that an offer to satisfy all of the damages demanded by a plaintiff renders the litigation moot. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citations omitted); *see also Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) ("[Defendant] may not spurn this offer of all the damages he is owed and proceed to trial."). The Seventh Circuit has declined to create an exception to mootness for class actions. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (where defendant made an offer of complete relief before plaintiff's motion to certify a class had been filed, plaintiff's "federal case was over").

Based on these cases, if Chavez and Johnson were offered all the damages they were owed on July 20, 2012, their claims would be rendered moot, and this court would lack subject

4

matter jurisdiction over the action.  The court concludes, however, that subject matter jurisdiction was not destroyed by the communications of July 20, 2012, and July 30, 2012.  Although Hat World's July 20 letter stated that the tender would provide various types of relief for Chavez's and Johnson's FMLA and IMWL claims, no specific tender offer was made; the amount of the checks to be sent was not specified.  In addition, the parties represented to the court on August 15, 2012, that the tender offer had "failed," and the court concluded that no settlement had been reached.  Thus, the court cannot find that these communications constituted complete satisfaction of Chavez's and Johnson's claims.

Under Seventh Circuit precedent, the offer of relief must be complete to destroy jurisdiction:  "[O]bviously the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants."  *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *see also Gates v. Towery*, 430 F.3d 429, 431-32 (7th Cir. 2005); *In re Sears, Roebuck & Co. Tools Mktg. and Sales Practices*, Nos. 05 C 4742, 05 C 4744, 2012 WL 3435335, at *4-5 (N.D. Ill. Aug. 14, 2012); *Van Tassell v. United Mktg. Gp.*, 795 F. Supp. 2d 770, 777-78 (N.D. Ill. 2011) (holding that tender was insufficient to moot case where defendants returned plaintiffs' unauthorized subscription fees but did not satisfy other demands for costs, damages, and interest).  This case is therefore distinguishable from cases cited by Hat World, such as *Hernandez v. PeopleScout, Inc.*, in which a plaintiff's FLSA and IMWL claims were dismissed because the defendants deposited a payment into the plaintiff's account that the court found was "in excess of what plaintiff could receive in his suit."  No. 12 C 1228, 2012 WL 3069495, at *3 (N.D. Ill. July 24, 2012).  Based on the facts here, there was still a live controversy between the parties as of the status hearing on the morning of August 15, 2012.

Chavez and Johnson, however, cashed Hat World's checks on the afternoon of August 15, 2012. When Hat World requested that the checks be returned, the plaintiffs' counsel sent an email to Hat World's counsel stating that "Plaintiffs did not reject the tender offer." Hat World argues that by cashing the checks, the plaintiffs accepted Hat World's tender offer and became bound by the terms under which the tender was made. According to Hat World, even if the July 20, 2012, tender offer did not itself render this action moot, the act of cashing the checks destroyed this court's subject matter jurisdiction before the Amended Complaint was filed. Plaintiffs argue in response that the checks were "unrestricted" and covered some, but not all, of the wages and penalties owed to Chavez and Johnson. In other words, they consider the checks to be an "offset" against the amounts owed to them.

There is clearly a dispute between the parties as to whether Chavez and Johnson have settled their claims by cashing Hat World's checks. Hat World points to numerous cases in which courts have held that a plaintiff may be bound to a settlement agreement by his or her actions, such as cashing a check. *See, e.g.*, *Hardy v. Chi. Housing Auth.*, 189 F. App'x 510, 513 (7th Cir. 2006); *Skelton v. Gen'l Motors Corp.*, 860 F.2d 250, 259 (7th Cir. 1988).

But, as Hat World acknowledges, settlement is not the same thing as destruction of jurisdiction. The Seventh Circuit has distinguished between a situation in which a defendant argues that "no more relief is proper" and a situation in which "no more relief is possible." *Gates*, 430 F.3d at 431-32. Only in the latter situation is the case moot. The fact that Chavez and Johnson may have settled their claims does not automatically divest the court of jurisdiction. District courts may retain jurisdiction over a case even after the parties have settled and the case has been dismissed without prejudice, to enforce the terms of the settlement agreement. *See, e.g.*, *Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999) ("[T]he power to

implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation.") (internal quotation marks and citation omitted).

Here, the record does not establish that Chavez and Johnson have received complete relief, so as to destroy their interest in the case. They maintain that Hat World still owes them money, and it is not clear to the court that the amount tendered fully satisfied their claims. As Chavez's and Johnson's claims have yet to be dismissed, the court remains the supervisor of the litigation. *Cf. Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated."). The court concludes that neither the issuance nor the cashing of the checks destroyed jurisdiction. It may be that Chavez and Johnson are entitled to nothing more than the checks they have received, but Chavez and Johnson remain "entitled to a judge's decision on what if any relief . . . is appropriate." *Gates*, 430 F.3d at 432. In other words, there is still a live controversy before the court. Because the court had jurisdiction at the time the Amended Complaint and the Second Amended Complaint were filed, and continues to have jurisdiction over this action, Hat World's motion to dismiss pursuant to Rule 12(b)(1) is denied.

**B. Rule 12(b)(6)**

Alternatively, Hat World argues that the Second Amended Complaint fails to state a claim under the FLSA and the IMWL. To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative

7

level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

The Second Amended Complaint alleges that Plaintiffs worked for Hat World as store managers and were misclassified as exempt employees pursuant to the executive exemptions of the FLSA, 29 U.S.C. § 213(a)(1), and the IMWL, 820 Ill. Comp. Stat. § 105/4a(2)(E). The classification was wrongful, according to the complaint, because Plaintiffs did not customarily and regularly direct the work of two or more other employees. Because they were misclassified, Plaintiffs did not receive the proper amount of overtime pay for time worked in excess of forty hours per week. Each named plaintiff estimates that he or she worked at least forty-five hours per week, but according to the complaint, the records indicating the precise number of hours worked by each plaintiff are in the possession of Hat World.

Hat World argues that the Second Amended Complaint is insufficient to survive a Rule 12(b)(6) motion because it does not include allegations about when Plaintiffs worked without proper compensation or how many overtime hours they worked. Hat World urges the court to require Plaintiffs to provide these details and points to non-binding cases such as *Mell v. GNC Corp.*, in which courts required plaintiffs to include similar factual allegations in their complaints. *See* No. 10-945, 2010 WL 4668966, at *7 (W.D. Pa. Nov. 9, 2010) (dismissing complaint alleging that plaintiffs were forced to work off the clock in violation of the FLSA).

The court finds that requiring the level of detail demanded by Hat World is inconsistent with Rule 8 and the "notice-pleading" standard. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Nehmelman v. Penn. Nat'l Gaming, Inc.*, 790 F. Supp. 2d 787, 796-97 (N.D. Ill. 2011) (rejecting *Mell*'s approach because "FLSA claims are generally simple"). Accepting the plaintiffs' allegations as true for purposes of the motion to dismiss, the Second Amended Complaint states a claim to relief under the FLSA and IMWL that is plausible on its face and puts Hat World on notice as to what the claim against it is. Moreover, the payroll records that indicate whether the plaintiffs were in fact misclassified and the number of overtime hours they worked are in Hat World's possession—meaning that Hat World already possesses most of the information it needs to prepare a defense, and discovery is unlikely to be costly in this case. *Cf. Tamayo*, 526 F.3d at 1083 (noting that additional factual detail may be required in a complaint if discovery "is likely to be more than usually costly"). The court therefore denies Hat World's motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).

## IV. Conclusion

Hat World's motion to dismiss the Second Amended Complaint is denied. Hat World must answer the complaint by January 2, 2013.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 11, 2012