IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA CHAVEZ, BERNADETE JOHNSON, KEITH DISMUKES, and LATASHA TURNER, individually and on behalf of a class of persons similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | The Honorable Joan B. Gottschall |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| HAT WORLD, INC., a Minnesota corporation, | ) ) ) | Case No. 1:12-cv-5563 |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
## FOR PROTECTIVE ORDER QUASHING SUBPOENAS

Defendant, Hat World, Inc. ("Hat World"), by its attorneys, respectfully responds to Plaintiffs' Motion for Protective Order Quashing Subpoenas ("Motion") as follows:

### Introduction

At issue in this case is whether or not each individual Plaintiff was properly classified as exempt under the administrative, executive, or combination exemptions of the Fair Labor Standards Act ("FLSA"). The fact that Plaintiffs described their Hat World job duties in employment applications, résumés and other documents as including several exempt duties and responsibilities under the administrative, executive, and combination exemptions makes it more probable that the Plaintiffs were properly classified than it would be without such evidence. Fed. R. Evid. 401. Accordingly, the subpoenaed documents to Plaintiffs' current employers seeking Plaintiffs' employment applications and resumes (among other documents) are properly discoverable and relevant, if only for their descriptions of the duties that each Plaintiff performed

while employed as a Hat World Store Manager.  Thus, Plaintiffs' motion to quash discovery of these relevant documents should be denied.

## Background

Hat World agrees that on January 25, 2013 and February 13, 2013, named Plaintiffs responded to discovery requests by: (1) identifying employers from whom they sought employment during the past three years (Ex. A (Chavez); Ex. B (Johnson); Ex. C (Dismukes); Ex. D (Turner) Interrogatory Answer No. 4, p. 8); and (2) *agreeing to produce* employment applications, resumes, and related correspondence submitted to these employers in their attempts to be hired, or affirmatively representing that they did not possess any such documents.  (Ex. A (Chavez), Document Response No. 15, p. 9, indicating "[N]one.  Investigation continues"; Ex. B (Johnson) Document Response No. 15, p. 9, indicating "[N]one.  Investigation continues"; Ex. C (Dismukes) Document Response No. 15, p. 9, indicating "[N]one.  Investigation continues"; Ex. D (Turner)  Document Response No. 15, p. 8, indicating "Plaintiff will produce documents responsive to this request.  Investigation continues".)  Plaintiffs' document production—which consisted of 246 pages[1]—had no documents responsive to Defendant's Request No. 15.

---

[1]    Plaintiffs have produced 246 pages –- Genesco, Inc.'s 2011 Annual Report (91 pages), job descriptions and articles about Hat World that they appear to have printed off the internet (112 pages), responses to Plaintiffs' attorneys' FOIA requests propounded upon various U.S. DOL branches and state agencies (23 pages), some of Plaintiff Dismukes' pay stubs and tax returns (16 pages), and some of Plaintiff Bernadete Johnson's pay information (6 pages).

Accordingly, Hat World served the six (6) narrowly-tailored subpoenas on the registered agents for the companies identified by Plaintiffs.[2]   In the subpoenas, Hat World requests as follows:

> "…all documents related to [named Plaintiff's] application for employment to [employer], including without limitation any personal statements, descriptions of work history, descriptions of work experience, résumés, job applications and/or other documents provided to [employer] by [named Plaintiff]."

Subpoenas are attached hereto as Exhibit E.

### Argument

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

In this action, Plaintiffs' claims are that, while employed as Store Managers at Hat World, they were misclassified as exempt employees.  Hat World contends that Plaintiffs were properly classified.   Examples of work that fall within the executive and administrative exemptions included the following:

---

[2]   On February 25, 2013, pursuant to Rule 45(b)(1), Defendant served notice on all parties that it intended to subpoena Plaintiffs' current employers and sent courtesy copies to Plaintiffs' counsel by email.  On February 26, 2013, Defendant effected service of subpoenas on said employers.

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures."

29 C.F.R. §541.102 (executive exemption).

> work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

29 C.F.R. §541.201(b) (administrative exemption). In addition, "an employee whose primary duty involves a combination of exempt administrative and exempt executive work may qualify for exemption." 29 C.F.R. §541.708.

The subpoenas at issue request statements by Plaintiffs to third parties about the work they performed while employed at Hat World. Such documents are highly relevant in misclassification cases. *Jackson v. Advance Auto Parts, Inc.*, 362 F.Supp.2d 1323, 1330, nn. 14 & 20 (N.D. Ga. 2005)(granting summary judgment for defendant on executive exemption for a claim brought by assistant manager-plaintiffs, in part because the plaintiffs described their employment as assistant managers as being management on their resumes)

For example, at least one subpoenaed party, American Girl Place, Inc., possessed and produced named Plaintiff Bernadette Johnson's resume and application prior to the stay issued

by the Court, and these documents contain Ms. Johnson's description of her job duties and responsibilities at Hat World's Lid's store. (*See*, Ex. F). A portion of Ms. Johnson's resume (Ex. F) lists her duties as a Store Manager at Lids, which fall squarely within the administrative, executive, and combination exemptions set forth in 29 C.F.R. § 541.100 *et seq*., including:

- Making change orders and dropping off deposits;
- Handle daily reports and verify all monthly reports;
- Hiring of staff and conducting orientation;
- Finalize payroll;
- Review schedules for proper staffing;
- Calculate sales goals, and budgets for up coming [sic] months;
- Plan quarterly job fares;
- Plan for Associates growth lessons;
- Assist in monthly inventory threw [sic] out the district;
- Daily inventory checks completed on hot areas;
- Customers service is top priority and situations are handled with upmost urgency and respect

Given the relevance of the subpoenaed documents produced prior to the Court's stay, the remaining subpoenas should be enforced and these relevant documents should be provided to Hat World.

In their responses to Interrogatories, Plaintiffs represented that such documents are not in their possession, custody, or control and, accordingly, did not produce them. Moreover, to date, Plaintiffs have not produced any such documents.

### Conclusion

WHEREFORE, Hat World, Inc. respectfully requests that the Court deny Plaintiffs' Motion for Protective Order Quashing Subpoenas, and grant any such further relief as the Court deems necessary and proper.

Dated: March 25, 2013

Respectfully submitted,

HAT WORLD, INC.

By:  /s/ Joel Griswold
     One of Its Attorneys

Joel Griswold
Melissa A. Siebert
John C. McIlwee
BAKER & HOSTETLER LLP
191 N. Wacker Dr., Ste. 3100
Chicago, Illinois 60606-1901

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the above

and foregoing **Response to Plaintiff's Motion for a Protective Order Quashing Subpoenas**

was served this 25th day of March 2013, via the ECF system for the United States District Court

for the Northern District of Illinois, upon the following:

James X. Bormes
Law Office of James X. Bormes
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603-0575

Thomas M. Ryan
Law Offices of Thomas Ryan
35 E. Wacker Drive
#650
Chicago, IL 60601-2119

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, IL 60601-1344

Peter E. Converse
Converse Law Offices, LLC
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603-0575

Catherine P. Sons
Law Office of James X. Bormes
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603-0575

/s/ Joel Griswold