IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA CHAVEZ, KEITH DISMUKES, and LATASHA TURNER, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAT WORLD, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 12-cv-5563<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Susan E. Cox |

## ORDER GRANTING PRELIMINARY APPROVAL

Plaintiffs, Vanessa Chavez, Keith Dismukes, and Latasha Turner ("Named Plaintiffs"), on behalf of themselves and all persons whom they seek to represent ("Plaintiffs"), have filed a motion for preliminary approval of a proposed collective and class action settlement, which Defendant, Hat World, Inc., does not oppose. After reviewing the Parties' proposed Settlement Agreement and Release, together with the proposed Notice of Settlement, Claim Form, and other attachments thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval of Collective and Class Action Settlement and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1.  The Court finds, for purposes of settlement only, that the class certification requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect to the Rule 23 Settlement Class. The Court therefore certifies the Settlement Class for settlement purposes only.

2. The Court finds, for purposes of settlement only, that the collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the FLSA Settlement Class. The Court therefore certifies the FLSA Settlement Class for settlement purposes only.

3. The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Settlement Agreement and Release" ("Settlement Agreement") is fair, reasonable and adequate, and therefore, meets the requirements for preliminary approval. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class and collective action litigation in general and with the legal and factual issues of this case in particular.

4. The Court appoints Vanessa Chavez, Keith Dismukes, and Latasha Turner as the Class Representatives, and Plaintiffs' counsel, James X. Bormes and Catherine P. Sons of Law Offices of James X. Bormes, P.C., Thomas M. Ryan of Law Offices of Thomas M. Ryan, P.C., and Jeffrey Grant Brown of Jeffrey Grant Brown, P.C. as Class Counsel.

5. The Court appoints Dahl Administration LLC as the Claims Administrator.

6. The Court approves, as to form and content, the proposed Notice of Settlement and Claim Form attached to the Settlement Agreement as Exhibits 3 and 4, respectively. The Court finds that the procedures for notifying the Class Members about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States of America, the laws of

the State of Illinois, and all other applicable laws. The Class Notice is accurate, objective, and informative and provides members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

7. A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on 9/5, at 9:30 a.m., in Courtroom 2325 of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for the Service Payments to be made to the Named Plaintiffs.

8. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, Named Plaintiffs and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Hat World in any forum in which any of the released claims (as set forth in Section 5 of the Settlement Agreement) are asserted, or which in any way would prevent any such claims from being extinguished.

9. All Rule 23 Class Members who fail to exercise their right to opt-out of the Rule 23 Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Rule 23 Settlement Class.

3

10. All Class Members who wish to receive Settlement proceeds must complete and mail the Claim Form to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement Agreement. Any Class Member who does not submit a timely and materially complete Claim Form will not receive a settlement payment.

11. All Rule 23 Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline. The written objection must be sent to the Claims Administrator, Class Counsel, and Hat World's counsel, and postmarked on or before this date. The written objection must also be filed with the Clerk of the Court.

12. Any Rule 23 Class Member who wishes to be excluded (Opt-Out) from the Rule 23 Settlement Class and not participate in the proposed Settlement must complete and mail a request for exclusion to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.

13. Any Rule 23 Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of their own choice. Any Rule 23 Class Member who does not enter an appearance or opt-out of the Rule 23 Settlement Class will be represented by Class Counsel.

14. Any Rule 23 Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why Named Plaintiffs should or should not receive extra compensation in the form of an Service Payment; provided, however, that no Rule 23 Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed

Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiffs or the attorneys' fees and costs awarded to Class Counsel, unless that Claimant has, no later than the Claim Deadline, served by first class mail on the Claims Administrator, Class Counsel, and Hat World's counsel written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Claimant who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

15. Class Counsel shall file their Motion for Final Approval of Settlement no later than fourteen (14) days prior to the Final Approval Hearing.

16. In the event that the Effective Date (as explained in the Settlement Agreement) does not occur, the settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

17. The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

IT IS SO ORDERED.
Dated this ___ day of _____, 2014

_____
HONORABLE JOAN B. GOTTSCHALL
U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

5